THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LORI TESKE and TERRI FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>PAPARAZZI, LLC; MISTY KIRBY; TRENT KIRBY; CHANTEL REEVE; and RYAN REEVE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO CONSOLIDATE CASES<br>AND<br>NOTICE OF INTENT TO TRANSFER CASES TO DISTRICT JUDGE DAVID B. BARLOW<br><br>Case No. 4:22-cv-00035-DBB-PK<br><br>District Judge David Barlow |

This action involves a multilevel-marketing company that uses a nationwide network of "Consultants" to sell jewelry and accessory items to "End Consumers."[1] Plaintiffs Lori Teske and Terri Franklin were Consultants of Defendant Paparazzi, LLC ("Paparazzi").[2] They filed a proposed class action Complaint on behalf of themselves and other Paparazzi Consultants alleging claims against Paparazzi and its founders[3] for: (1) violation of the Lanham Act § 43(a); (2) breach of implied warranty of merchantability under Utah Code Ann. § 70A-2-314; (3) breach of contract; and (4) breach of covenant of good faith and fair dealing.[4] The thrust behind Plaintiffs' claims are allegations that Defendants misrepresented Paparazzi's products as being lead- and nickel-free.[5]

---

[1] Complaint ¶ 1 at 1, ECF No. 2, filed June 6, 2022.
[2] *Id*. ¶ 13 at 3, ¶ 18 at 4.
[3] Paparazzi's founders are Defendants Misty Kirby, Trent Kirby, Chantel Reeve, and Ryan Reeve. *Id*. ¶¶ 25-28 at 5-6.
[4] *Id*. ¶¶ 69-121 at 23-31.
[5] *Id*.

Defendants seek to consolidate this action and four other proposed class action cases brought against Paparazzi by End Consumers of Paparazzi's products: *Johnson et al. v. Paparazzi, LLC*, No. 2:22-cv-00439-JNP-DBP (D. Utah);[6] *Gilbert v. Paparazzi, LLC*, No. 2:22-cv-484-TC-DAO (D. Utah);[7] *Burgess v. Paparazzi, LLC*, No. 2:22-cv-00538-BSJ (D. Utah);[8] *Hollins v. Paparazzi, LLC*, No. 2:22-cv-00553-JNP-DBP (D. Utah)[9] (collectively, "End Consumer Cases").[10] Plaintiffs' initially opposed consolidation,[11] but later stipulated to consolidate the cases for pretrial matters.[12] The plaintiffs in the End Consumer Cases also do not oppose consolidation.[13]

The five cases for which consolidation is sought have common factual questions regarding Paparazzi's representations and the chemical makeup of Paparazzi's products. However, unlike the End Consumer Cases, this action involves Consultant Plaintiffs and includes claims against Paparazzi's founders. The legal questions and applicable substantive law also differ among the five cases. And consolidation is unnecessary for judicial economy or to address the parties' desire to coordinate discovery and to avoid a potential for inconsistent rulings. Rather, transferring the cases filed in the District of Utah to a single district judge will achieve

---

[6] Class Action Complaint ("Johnson Complaint") ¶ 1 at 2, ¶ 102 at 26, ¶ 112 at 27, ¶ 129 at 29, ¶ 135 at 30, ¶ 145 at 32, ¶¶ 155-156 at 33-34, ECF No. 1 in No. 2:22-cv-00439-JNP-DBP (D. Utah), filed Apr. 29, 2022.
[7] Class Action Complaint ("Gilbert Complaint") ¶ 1 at 1, ¶ 98 at 21, ¶¶ 110-111 at 22-23, ECF No. 1 in No. 2:22-cv-484-TC-DAO (D. Utah), filed June 16, 2022.
[8] Class Action Complaint for 1. Negligence; 2. Fraudulent Misrepresentation; 3. Quasicontract; 4. California Consumer Legal Remedies Act; 5. California False Advertising Law; and 6. California Unfair Competition Law ("Burgess Complaint") ¶¶ 49-50 at 9, ECF No. 1 in No. 2:22-cv-00538-BSJ (D. Utah), filed June 2, 2022.
[9] Class Action Complaint ("Hollins Complaint") ¶ 8 at 2, ¶¶ 27-28 at 7, ECF No. 1 in No. 2:22-cv-00553-JNP-DBP (D. Utah), filed Apr. 27, 2022.
[10] Motion to Consolidate and Stay ("Motion to Consolidate"), ECF No. 49, filed Aug. 5, 2022; Stipulation to Consolidate Actions and Set Deadlines ("Stipulated Motion to Consolidate"), ECF No. 56, filed Sept. 22, 2022 (collectively, "Motions to Consolidate").
[11] Plaintiffs' Opposition to Defendants' Motion to Consolidate and Stay, ECF No. 51, filed Aug. 19, 2022.
[12] Stipulated Motion to Consolidate.
[13] *Id.*; Motion to Consolidate at 3 n.1.

these considerations and will avoid the drawbacks and unworkable aspects of the convoluted consolidation the parties propose.

Therefore, the Motions to Consolidate[14] are DENIED. And the parties are given notice of the court's intent to transfer the End Consumer Cases to District Judge David Barlow.

## DISCUSSION

"Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action."[15] Under FED. R. CIV. P. 42(a)(2) cases *may* be consolidated when they "involve a common question of law or fact" (emphasis suppled). Local Rule DUCivR 42-1(a) further provides that a party may seek consolidation of cases if the party believes the cases:

(1)   arise from substantially the same transaction or event;

(2)   involve substantially the same parties or property;

(3)   involve the same patent, trademark, or copyright;

(4)   call for determination of substantially the same questions of law; or

(5)   for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

The district court has substantial discretion in deciding whether to consolidate cases.[16] And the party seeking consolidation has the burden of establishing that consolidation is appropriate.[17]

The parties argue that consolidation of the End Consumer Cases with this action is appropriate for pretrial matters because the cases arise out of allegations that Defendants misrepresented Paparazzi's products as being lead- and nickel-free.[18] However, "consolidation is

---

[14] ECF No. 49, filed Aug. 5, 2022; Docket no. 56, filed Sept. 22, 2022.
[15] *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).
[16] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).
[17] *Id*.
[18] Stipulated Motion to Consolidate at 4.

not justified 'simply because the actions include a common question of fact or law.'"[19] "If cases involve some common issues but the individual issues predominate consolidation should be denied."[20]

Although the five cases have common factual questions regarding Paparazzi's representations and the chemical makeup of Paparazzi's products, there exist significant factual and legal differences among the cases. This action involves Plaintiffs that were Paparazzi Consultants, who had direct contractual relationships with Paparazzi.[21] Paparazzi's founders are also named Defendants.[22] In contrast, the End Consumer Cases involve plaintiffs that were end purchasers of Paparazzi's products,[23] who had no direct contractual relationship with Paparazzi and who assert claims only against Paparazzi.[24]

These differences lead to a divergence of the claims asserted among the cases, and to distinct legal issues and applicable substantive law. The claims in this action are brought under Utah state law and federal law, *i.e.*, the Lanham Act.[25] In contrast, the claims in the End Consumer Cases are brought under the state laws of North Carolina,[26] Michigan,[27] California,[28] and New York.[29] Not a single claim is shared by all five cases. And the relief sought and damages available among the cases differ.[30]

---

[19] *Holiday v. Progressive Ins. Co.*, No. 2:21-cv-00173-DAK-DBP, 2021 WL 1753570, *1 (D. Utah May 4, 2021) (quoting *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985)) (emphasis omitted).
[20] *Id*.
[21] Complaint ¶ 1 at 1-2, ¶¶ 104-114 at 28-30.
[22] *Id*. ¶¶ 25-28 at 5-6.
[23] Johnson Complaint ¶ 1 at 2, ¶ 102 at 26, ¶ 112 at 27, ¶ 129 at 29, ¶ 135 at 30, ¶ 145 at 32, ¶¶ 155-156 at 33-34; Gilbert Complaint ¶ 1 at 1, ¶ 98 at 21, ¶¶ 110-111 at 22-23; Burgess Complaint ¶¶ 49-50 at 9; Hollins Complaint ¶ 8 at 2, ¶¶ 27-28 at 7.
[24] Johnson Complaint ¶ 23 at 7; Gilbert Complaint ¶ 19 at 5; Burgess Complaint ¶ 3 at 2; Hollins Complaint ¶ 9 at 3.
[25] Complaint ¶¶ 69-121 at 23-31.
[26] Johnson Complaint ¶¶ 165-243 at 38-53.
[27] Gilbert Complaint ¶¶ 120-215 at 26-40.
[28] Burgess Complaint ¶¶ 63-113 at 13-21.
[29] Hollins Complaint ¶¶ 39-73 at 11-15.
[30] Complaint at 31-33; Johnson Complaint at 53-54; Gilbert Complaint at 40-41; Burgess Complaint at 22; Hollins Complaint at 15-16.

The divergence of the factual and legal issues among the five cases is exemplified by the parties' recognition that the proposed consolidated action would have Paparazzi Consultants form one putative class and End Consumers forming another.[31] The proposed consolidation would also have different lead counsel for these putative classes.[32] Class discovery for the putative classes will have some overlap, but will also certainly involve different materials which create a real potential for delays, discovery motions, or other procedural variances among the consolidated cases. The parties acknowledge such potential in their Stipulated Motion to Consolidate.[33] Class certification and dispositive motions will also vary with the varying putative classes, claims, and applicable substantive law among the cases.

Under these circumstances, the limited common factual and legal questions among the five cases are not sufficient to warrant consolidation. Judicial economy will not be served by consolidating an action that already has complex procedural, factual, and legal issues with four other cases having different counsel and different procedural, factual, and legal issues.

The parties' primary goals in seeking the cases' consolidation are to coordinate and reduce overlapping discovery, and to avoid the potential for inconsistent rulings on pretrial matters.[34] But consolidation is unnecessary to achieve these goals. These goals may be achieved, without the pitfalls of a needlessly complex consolidation, through a transfer of the cases to a single district judge. Local Rule DUCivR 83-2(g) permits the transfer of related cases that "are pending before different judges of this court."[35] "The transfer of cases may . . . be addressed sua

---

[31] Stipulated Motion to Consolidate ¶¶ 6-7 at 5-6.
[32] *Id*.
[33] *Id*. at ¶ 3 at 4-5, ¶ 9 at 6-7. Additionally, the proposed consolidation contains unworkable aspects such as an open-ended stipulation to consolidate any subsequently filed, transferred, or removed cases that arise from the same or similar operative facts. *Id*. ¶¶ 4-5 at 5. The great potential for such consolidation to create delays and add new facts, legal issues, and applicable substantive law runs counter to judicial economy and convenience.
[34] Motion to Consolidate at 10-12.
[35] DUCivR 83-2(g).

sponte by the court."[36] And the judge assigned to the lower-numbered case will decide whether to transfer cases after conferring with the judges assigned to the other cases.[37]

Based on Paparazzi being a common defendant and the existence of common factual questions regarding Paparazzi's representations and the chemical makeup of Paparazzi's products, a transfer of the End Consumer Cases to the undersigned judge is appropriate. Such transfer will facilitate coordinated discovery among the cases and will avoid any potential for inconsistent rulings.

Therefore, the Motions to Consolidate[38] are DENIED. And the parties are given notice of the court's intent to transfer the End Consumer Cases filed in the District of Utah to District Judge David Barlow.

## ORDER

IT IS HEREBY ORDERED that the Motions to Consolidate[39] are DENIED.

IT IS FURTHER ORDERED that notice is given that the court intends to transfer the End Consumer Cases[40] to District Judge David Barlow. Any objection to such transfers must be filed (in this action) within 14 days.

Signed November 22, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[36] *Id*.
[37] *Id*.
[38] ECF No. 49, filed Aug. 5, 2022; ECF No. 56, filed Sept. 22, 2022.
[39] ECF No. 49, filed Aug. 5, 2022; ECF No. 56, filed Sept. 22, 2022.
[40] *Johnson et al. v. Paparazzi, LLC*, No. 2:22-cv-00439-JNP-DBP (D. Utah); *Gilbert v. Paparazzi, LLC*, No. 2:22-cv-484-TC-DAO (D. Utah); *Burgess v. Paparazzi, LLC*, No. 2:22-cv-00538-BSJ (D. Utah); *Hollins v. Paparazzi, LLC*, No. 2:22-cv-00553-JNP-DBP (D. Utah).