IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| LORI TESKE and TERRI FRANKLIN,<br><br>Plaintiffs,<br><br>vs.<br><br>PAPARAZZI, LLC, MISTY KIRBY, TRENT KIRBY, CHANEL REEVE, and RYAN REVE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION<br><br>Civil No. 4:22-cv-00035-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on a Motion to Compel Arbitration filed by Paparazzi, LLC ("Paparazzi") and Misty Kirby, Trent Kirby, Chantel Reeve, and Ryan Reeve (the "Paparazzi Individuals") (collectively, the "Paparazzi Parties").[1] The Paparazzi Parties seek to compel arbitration as to the claims brought by Lori Teske and Terri Franklin (the "Teske Plaintiffs") in this action. For the reasons discussed below, the Court grants the Motion.

I. BACKGROUND

The Teske Plaintiffs are former "consultants" for Defendant Paparazzi, who agreed to sell Paparazzi's products. The Teske Plaintiffs bring claims alleging that Paparazzi's products were contaminated and that the Paparazzi Parties made false assurances about the quality and materials of its products.

---

[1] Docket No. 67.

1

The Teske Plaintiffs filed suit in June 2022.[2] The Paparazzi Parties appeared through counsel and obtained an extension until August 12, 2022, to file a responsive pleading.[3] The parties submitted an attorney planning meeting report on July 13, 2022,[4] providing the parties' respective positions on scheduling and the Court held a scheduling conference on July 29, 2022.[5]

At the conclusion of that scheduling conference, the Court stayed this case until September 9, 2022, to allow the Paparazzi Parties to seek the transfer of related cases into this Court. Thereafter, the Paparazzi Parties sought to consolidate those transferred cases into this case.[6] At a September 9th Scheduling Conference, the Court continued the stay until resolution of the motion to consolidate.[7]

On November 22, 2022, the Honorable David Barlow denied the Paparazzi Parties' motion to consolidate and instead transferred all Paparazzi cases to himself and referred them to the undersigned.[8] On January 18, 2023, the Court conducted another scheduling conference during which the Paparazzi Parties explained that they intended to file a motion to dismiss or to compel arbitration.[9] The Court set a briefing schedule for the instant motion.[10] The Motion to Compel Arbitration is now fully briefed and the Court held argument on March 28, 2023.

---

[2] Docket No. 2.

[3] Docket Nos. 18, 19, 22.

[4] Docket No. 30.

[5] Docket No. 45.

[6] Docket No. 49.

[7] Docket No. 55.

[8] Docket Nos. 61, 62. The cases have now been reassigned to the Honorable David Nuffer.

[9] Docket No. 65.

[10] Docket No. 64.

## II. DISCUSSION

The parties acknowledge that prior to becoming consultants for Paparazzi, the Teske Plaintiffs agreed to an Independent Consulting Agreement. The Independent Consulting Agreement contained an arbitration clause. The arbitration clause required the parties to mediate any dispute arising from or related to the Independent Consulting Agreement and, if unsuccessful, submit to arbitration. Through their Motion, the Paparazzi Parties seek enforcement of that provision.

The Federal Arbitration Act[11] ("FAA") allows a party aggrieved by the failure of another to arbitrate under a written agreement to petition any district court which, "save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[12] If the Court is "satisfied that the issue involved . . . is referable to arbitration under such an agreement," the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[13]

The Court's role under the FAA is limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.[14] Here, the Teske Plaintiffs do not contest that an agreement exists or that the agreement encompasses this dispute. However, the Teske Plaintiffs argue that the Paparazzi Parties' Motion should be denied because the Paparazzi Parties waived their right to pursue arbitration and the arbitration provision is substantively unconscionable. Each argument is addressed below.

---

[11] 9 U.S.C. §§ 1–16.

[12] *Id.* § 4.

[13] *Id.* § 3; *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010).

[14] *Granite Rock Co.*, 561 U.S. at 296.

A.     WAIVER[15]

"It is axiomatic that 'the right to arbitration, like any other contract right, can be waived.'"[16] The Tenth Circuit considers the following factors to determine whether a party has waived the right to arbitrate:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.[17]

"A party asserting a waiver of arbitration has a heavy burden of proof."[18] "[I]n assessing whether that burden has been met, we give substantial weight to the 'strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration.'"[19]

Considering these factors, the Court concludes that the Paparazzi Parties have not waived their right to arbitrate. The Teske Plaintiffs contend that the Paparazzi Parties' actions in this case have been inconsistent with the right to arbitrate. The Teske Plaintiffs point to the Paparazzi

---

[15] The Teske Plaintiffs' waiver argument was premised on Utah law. However, as this Court has recognized, "federal courts have consistently held that federal law is used to determine whether the right to arbitrate has been waived." *Kathan v. Autovest, LLC*, No. 2:19-cv-00486-TC, 2019 WL 4757870, at *1 (D. Utah Sept. 30, 2019).

[16] *In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1115 (10th Cir. 2015) (quoting *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980)).

[17] *Id.* at 1116 (quoting *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988)). A showing of prejudice is no longer required in light of the Supreme Court's recent decision in *Morgan v. Sundance, Inc.*, ---U.S.---, 142 S. Ct. 1708 (2022).

[18] *Peterson*, 849 F.2d at 466.

[19] *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 775 (10th Cir. 2010) (quoting *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1488 (10th Cir. 1994)).

Parties' attempts to consolidate all actions related to it, as well as the Paparazzi Parties participation in court hearings and initial scheduling efforts. However, as the Paparazzi Parties correctly note, they have not answered, moved for dismissal, propounded discovery requests, answered discovery requests, or taken or defended depositions. As for the Paparazzi Parties' participation in hearings and scheduling, that participation was required by Court order. While the Paparazzi Parties certainly could have moved to compel arbitration at an earlier point, their decision to first seek consolidation is understandable given the related issues in these cases. And there is nothing to suggest that seeking consolidation is inconsistent with the right to arbitrate. In fact, the Court is convinced seeking transfer and consolidation before seeking arbitration likely created efficiencies given the possibility that various courts could have decided issues related to arbitration differently leaving the Paparazzi Parties arbitrating and litigating simultaneously.

The remaining factors do not support a finding of waiver. The "litigation machinery" has not been substantially invoked and the parties were not well into preparation of this lawsuit before the Paparazzi Parties sought to compel arbitration. This case was filed in June 2022 and little substantive progress has been made due to the procedural issues litigated at the outset. The Paparazzi Parties did not seek arbitration close to the trial date, as there is no trial date set. Nor did they delay for a long period before seeking a stay. The delay in seeking to compel arbitration is reasonable considering the procedural history of this case. The Paparazzi Parties have not filed a counterclaim, nor have they answered the Teske Plaintiffs' Complaint. Finally, there are no important intervening steps that have taken place. No substantive discovery has occurred, and the Paparazzi Parties have not used this litigation to gain rights they would not have in arbitration. Based on these considerations, the Court finds Paparazzi Parties have not waived their right to arbitrate.

B.  UNCONSCIONABILITY

The Teske Plaintiffs next argue that the arbitration provision is unconscionable. Under the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[20] "This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'"[21] "The enforceability of the agreement is a matter of state law."[22]

The Independent Consulting Agreement is governed by Utah law.[23] Under Utah law, arbitration agreements, generally speaking, are not substantively unconscionable. The Utah Supreme Court has emphasized "that arbitration agreements are favored in Utah."[24] However, certain terms may be unconscionable.

> The arguments for and against substantive unconscionability focus on the contents of the agreement, examining the relative fairness of the obligations assumed. When determining whether a contract is substantively unconscionable, we have considered whether its terms [are] so one-sided as to oppress or unfairly surprise an innocent party or whether there exists an overall imbalance in the obligations and rights imposed by the bargain.[25]

Here, the Teske Plaintiffs contend that the arbitration provision is unconscionable because it: (1) requires mediation and arbitration in Utah; (2) imposes one-sided burdens on the

---

[20] 9 U.S.C. § 2.

[21] *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

[22] *Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1251 (10th Cir. 2018).

[23] Independent Consulting Agreement § 10.3.

[24] *Sosa v. Paulos*, 924 P.2d 357, 359 (Utah 1996).

[25] *Id.* at 361 (internal quotation marks and citations omitted) (alteration in original).

Teske Plaintiffs to mediate/arbitrate while allowing Paparazzi to seek injunctive relief; (3) contains a one-year limitations period; and (4) has fee-splitting and expense-shifting clauses. The Paparazzi Parties disagree that these provisions are unconscionable and, in the alternative, argue that any unconscionable provisions can be severed from the remainder of the arbitration clause.

The Teske Plaintiffs first argue that the arbitration clause is unconscionable because it requires mediation and then arbitration to occur in Utah. The Teske Plaintiffs claim they are unable to incur the time and expense required to conduct mediation and arbitration in this state. Courts can invalidate arbitration agreements that would make arbitration prohibitively expensive.[26] However, it was reasonable for the Teske Plaintiffs to anticipate arbitration in Utah since Paparazzi is a located in this state and the Independent Consulting Agreement is governed by Utah law.[27] The mere fact that Plaintiffs may face certain expenses does not demonstrate unconscionability.[28]

While the Teske Plaintiffs claim that they cannot afford to come to Utah for mediation/arbitration, they fail to reconcile this claim with the fact that they brought suit in Utah. The fact that the Teske Plaintiffs believed they would be financially able to litigate a federal case in this state belies their claim that they cannot afford to engage in arbitration. Moreover, in their Reply, the Paparazzi Parties agreed to allow the Teske Plaintiffs to participate in any arbitration

---

[26] *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000) ("It may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum.").

[27] *Beltran*, 907 F.3d at 1258–59 (concluding that forum selection clause requiring arbitration in San Francisco was not substantively unconscionable under California law where the contracting party was a California corporation and the arbitration agreement contained multiple references to California and California law).

[28] *Id.* at 1258 (applying California law).

final hearing by video, largely negating any travel expenses for them.[29] Based on this, the Court concludes that the forum selection provision is not unconscionable.

The Teske Plaintiffs next argue that the arbitration provision is unconscionable because it requires consultants to arbitrate but allows Paparazzi the ability to bring suit in certain situations, largely limited to injunctive relief to protect their intellectual property. This Court, per the Honorable David Barlow, recently found a similar litigation carve-out provision enforceable.[30] While not binding, this authority is persuasive. In his decision, Judge Barlow cited to secondary sources indicating that such litigation carve-outs are common and enforceable.[31] The Court agrees with this reasoning and will follow it. Thus, the presence of the carve-out, which is not even applicable in this case, does not render the arbitration provision unconscionable.

The Teske Plaintiffs point to *Patterson v. Nine Energy Serv., LLC*,[32] to support their claim that exempting certain claims from arbitration demonstrates unconscionability. The court in *Patterson* summarized New Mexico law as follows: "If an arbitration agreement exempts from arbitration claims that the stronger party will likely bring, but mandates arbitration for claims that the weaker party will likely bring, then the arbitration agreement is substantively unconscionable."[33] While this may be the law in New Mexico, the Teske Plaintiffs point to no similar law in Utah. Additionally, the *Patterson* court severed the carve-out provision as it was

---

[29] Docket No. 71, at 9 n.10.

[30] *Love v. Overstock.com, Inc.*, No. 2:22-cv-00118-DBB-CMR, 2022 WL 3345730, at *6 (D. Utah Aug. 12, 2022).

[31] *Id.*

[32] 330 F. Supp. 3d 1280 (D.N.M. 2018).

[33] *Id.* at 1310.

unrelated to the underlying dispute.[34] Even if the Court were to conclude that the litigation carve-out was unconscionable, the same result would be warranted here.

The Teske Plaintiffs next argue the one-year limitations period contained in the arbitration provision is unconscionable. Courts have reached differing conclusions on whether an arbitration agreement that truncates an applicable statute of limitations is substantively unconscionable. "As a general rule, statutory limitations periods may be shortened by agreement, so long as the limitations period is not unreasonably short."[35] "Courts have frequently found contractual limitations periods of one year (or less) to be reasonable."[36] There appears to be no Utah case law on this point. However, at least one district court in the Tenth Circuit has rejected a similar argument involving an even shorter limitations period.[37] Since the limitations period in the arbitration provision is "not unreasonably short," the Court declines to find it unconscionable.

This leaves the fee-splitting and expense-shifting provisions. Under the agreement, the parties split the fees for the three arbitrators and the prevailing party is "entitled to receive from the losing party all costs and expenses of arbitration, including legal and filing fees."[38] In *Sosa*, the Utah Supreme Court found that an arbitration agreement between a doctor and his patient was unconscionable where it contained a "clause requiring the patient to pay the doctor's arbitration fees (personal as well as for attorneys and costs) if the arbitration award is not more

---

[34] *Id.* at 1311.

[35] *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 287 (4th Cir. 2007).

[36] *Id.*

[37] *Patterson*, 330 F. Supp. 3d at 1312–13.

[38] Independent Consulting Agreement § 10.3.

than half of the amount claimed."[39] The Tenth Circuit and this Court have similarly concluded that fee-splitting and expense-shifting provisions are unconscionable.[40] However, such provisions may be severed.[41] And in their Reply, the Paparazzi Parties agree to pay the fees for any arbitrators and not to seek expenses from the Teske Plaintiffs even if the Paparazzi Parties prevail.[42]

Assuming that the fee-splitting and expense-shifting provisions are unconscionable, they can be severed from the rest of the arbitration provision. Under Utah law, "contract provisions are severable if the parties intended severance at the time they entered into the contract and if the primary purpose of the contract could still be accomplished following severance."[43] Here, the Independent Consulting Agreement contains a clause that allows for severance of any portion of the agreement found to be unenforceable,[44] which evinces an intent to sever. Additionally, the primary purpose of the contract—establishing a relationship between the Teske Plaintiffs and Paparazzi—could still be accomplished if these provisions are removed. Thus, the Court will sever the fee-splitting and expense-shifting provisions. However, given the Paparazzi Parties' concessions, severance is likely moot.

In sum, the Court concludes that the arbitration provision is not so substantively unconscionable as to render it unenforceable. For these reasons, the Court orders the parties to

---

[39] *Sosa*, 924 P.2d at 361–62.

[40] *Nesbitt v. FCNH, Inc.*, 811 F.3d 371, 379–81 (10th Cir. 2016); *Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1233–35 (10th Cir. 1999); *Love*, 2022 WL 3345730, at *5.

[41] *Love*, 2022 WL 3345730, at *5.

[42] Docket No. 71, at 9 n.10.

[43] *Sosa*, 924 P.2d at 363.

[44] Independent Consulting Agreement § 2.5.

engage in arbitration as outlined in the Independent Consulting Agreement, except as noted herein, and will stay this case pending the completion of that process.[45]

### III. CONCLUSION

It is therefore ORDERED that Defendants' Motion to Compel Arbitration (Docket No. 69) is GRANTED. This case is STAYED pending completion of arbitration. The Clerk of Court is directed to administratively close this case. The case may be reopened upon motion by any party after the completion of arbitration.

DATED this 3rd day of April, 2023.

PAUL KOHLER
United States Magistrate Judge

---

[45] *See* 9 U.S.C. § 3; *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (stating that "[t]he proper course" is "for the district court to grant Defendant's motion and stay the action pending arbitration").

11