THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LORI TESKE and TERRI FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>PAPARAZZI, LLC; MISTY KIRBY; TRENT KIRBY; CHANEL REEVE; and RYAN REEVE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND ADOPTING MAGISTRATE JUDGE'S MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Case No. 4:22-cv-00035-DN-PK<br><br>District Judge David Nuffer |

The Memorandum Decision and Order[1] issued by United States Magistrate Judge Paul Kohler on April 3, 2023, granted Defendants' motion to compel arbitration.[2] On April 17, 2023, Plaintiffs timely objected to the Memorandum Decision and Order.[3]

Review is complete of those portions of the Memorandum Decision and Order, findings, and conclusions to which objection was made, including the record that was before Judge Kohler and the reasoning set forth in the Memorandum Decision and Order.[4] The analysis and conclusions of Judge Kohler are not clearly erroneous or contrary to law.[5] Therefore, the analysis

---

[1] Memorandum Decision and Order Granting Defendants' Motion to Compel Arbitration ("Memorandum Decision and Order"), docket no. 74, filed Apr. 3, 2023.

[2] Motion to Compel Arbitration Pursuant to 9 U.S.C. § 4, docket no. 67, filed Jan. 30, 2023.

[3] Plaintiffs' Objection to Magistrate Judge Kohler's Order Granting Motion to Compel Arbitration ("Objection"), docket no. 78, filed Apr. 17, 2023.

[4] FED. R. CIV. P. 72(a).

[5] *Id.*; 28 U.S.C. § 636(b)(1)(A).

and conclusions of Judge Kohler are accepted, Plaintiffs' Objection[6] is OVERRULED, and the Memorandum Decision and Order[7] is ADOPTED.

## DISCUSSION

"A judge of the [district] court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[8] Plaintiffs object to the Memorandum Decision and Order arguing that Judge Kohler erred in determining that Defendants did not waive their right to arbitrate, and that Judge Kohler erred in enforcing an unconscionable alternative dispute resolution ("ADR") agreement.[9]

### Judge Kohler did not err in determining that Defendants did not waive their right to arbitrate

Plaintiffs argue that Judge Kohler applied the wrong legal standard and did not consider relevant facts and factors when determining that Defendants did not waive their right to arbitrate.[10] Plaintiffs point to the Memorandum Decision and Order's references to the "heavy burden" on parties asserting a waiver of the right to arbitrate and the "substantial weight" given to "strong federal policy encouraging expedition and inexpensive resolution of disputes through arbitration."[11] Plaintiffs' argument relies on the recent Supreme Court opinion in *Morgan v. Sundance, Inc.*[12]

---

[6] Docket no. 78, filed Apr. 17, 2023.

[7] Docket no. 74, filed Apr. 3, 2023.

[8] 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a).

[9] Objection at 9-18.

[10] *Id*. at 13-18.

[11] Memorandum Decision and Order at 4.

[12] 142 S.Ct. 1708 (2022).

In *Morgan*, the Supreme Court held that federal courts "may not make up a new procedural rule based on the FAA's 'policy favoring arbitration.'"[13] This is because "federal policy is about treating arbitration contracts like all others, not about fostering arbitration."[14] The Supreme Court concluded it was error to require a showing of prejudice to establish a waiver of the right to arbitrate because "[o]utside the arbitration context, a federal court assessing waiver does not generally ask about prejudice."[15]

*Morgan* does not render Judge Kohler's waiver analysis and conclusions clearly erroneous or contrary to law. Contrary to Plaintiff's arguments, Judge Kohler's waiver analysis did not improperly elevate the burden for waiver of the right to arbitrate over the standards and considerations for waiver of other contractual rights. Judge Kohler identified the correct law and factors recognized by the Tenth Circuit Court of Appeals for determining waiver of contractual rights.[16] He also acknowledged *Morgan* and correctly stated that prejudice is not required to establish waiver of the right to arbitrate.[17] And contrary to Plaintiff's arguments, Judge Kohler's waiver analysis sufficiently discussed the relevant facts and how the relevant wavier factors apply to those facts.[18] His consideration and weighing of those facts and factors reasonably and logically flowed to his conclusion that Defendants' actions were not inconsistent with the right to arbitrate.

---

[13] *Id*. at 1714.

[14] *Id*. at 1713.

[15] *Id*. at 1712-1713.

[16] Memorandum Decision and Order at 4.

[17] *Id*. at 4 n.17.

[18] *Id*. at 4-5.

Therefore, Judge Kohler did not err in determining that Defendants did not waive their right to arbitrate. His analysis and conclusions are not clearly erroneous or contrary to law, and are accepted.

### Judge Kohler did not err in enforcing the parties' ADR agreement

Plaintiffs argue that Judge Kohler improperly applied novel rules to favor arbitration by rewriting the parties' written ADR agreement to sever unconscionable terms and by enforcing the rewritten agreement despite it being unconscionable.[19] Plaintiffs' arguments again rely on *Morgan* and, again, are without merit.

Judge Kohler's unconscionability analysis correctly recognizes that state law governs the enforceability of the parties' agreement.[20] Judge Kohler also identified the proper considerations for determining unconscionability under Utah law.[21] He then sufficiently discussed the relevant language of the parties' ADR agreement and relevant facts, and how the unconscionability considerations apply to the language and facts.[22]

Judge Kohler correctly determined that the ADR agreement's fee-splitting and expense-shifting language is unconscionable under Utah law.[23] He also correctly determined that this language may be severed from the ADR provision.[24] "In Utah, contract provisions are severable if the parties intended severance at the time they entered into the contract and if the

---

[19] Objection at 9-12.

[20] Memorandum Decision and Order at 6.

[21] *Id*.

[22] *Id*. at 7-10.

[23] *Id*. at 9-10.

[24] *Id*. at 10.

primary purpose of the contract could still be accomplished following severance."[25] This is not a novel rule that favors arbitration provisions over other contractual provisions.

Judge Kohler's unconscionability analysis regarding the remaining language in the parties' ADR agreement and his enforcement of the agreement also did not involve application of novel rules to favor arbitration. Contrary to Plaintiffs' arguments, the existence of arguably unique language or procedures within the parties' ADR agreement does not render the agreement unconscionable. Nor does enforcing such novel language and procedures (while severing unconscionable provisions) constitute the impermissible creation of novel rules under *Morgan*. Judge Kohler cited to appropriate legal authorities to support his analysis of the issues,[26] and his conclusions reasonably and logically flowed from his findings and application of those authorities and the unconscionability considerations.

Also contrary to Plaintiffs' arguments, Judge Kohler's references to concessions made by Defendants[27] did not impermissibly permit Defendants to unilaterally rewrite the ADR agreement to avoid it being unconscionable. These concessions are not foundational to Judge Kohler's conclusions, but rather add further support for his conclusions. And in considering the parties' ADR agreement as a whole (after severing the fee-splitting and expense-shifting language), Judge Kohler properly determined the agreement was not so substantively unconscionable as to render it unenforceable.[28]

Therefore, Judge Kohler did not err in enforcing the parties' ADR agreement. His analysis and conclusions are not clearly erroneous or contrary to law, and are accepted.

---

[25] *Sosa v. Paulos*, 924 P.2d 357, 636 (Utah 1996).

[26] Memorandum Decision and Order at 7-9.

[27] *Id*. at 7-8, 10.

[28] *Id*. at 10-11.

## ORDER

IT IS HEREBY ORDERED that the analysis and conclusions of Judge Kohler are accepted, Plaintiffs' Objection[29] is OVERRULED, and the Memorandum Decision and Order[30] is ADOPTED.

Signed May 23, 2023.

BY THE COURT:

David Nuffer
United States District Judge

---

[29] Docket no. 78, filed Apr. 17, 2023.

[30] Docket no. 74, filed Apr. 3, 2023.